UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JONATHAN SUMMERS,

        Plaintiff,                     Case No. 1:23-cv-1050

v.                                         Honorable Hala Y. Jarbou

RUTH BROWN et al.,

        Defendants.
_____/

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. In an opinion and order (ECF Nos. 8, 9) entered on November 16, 2023, the Court dismissed several of the named Defendants and Plaintiff's claims against them without prejudice as misjoined and partially dismissed several other claims and Defendants for failure to state a claim upon which relief could be granted under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c). The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. (ECF No. 10.) The case was not resolved through the early mediation program. (ECF No. 14.) Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall again commence collection of the filing fee as outlined in the Court's prior order granting Plaintiff leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants Ruth Brown, Rowland, Gilbert, and Larry Brown[1] in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:   August 13, 2024                              /s/ Ray Kent
                                                      Ray Kent
                                                      United States Magistrate Judge

---

[1] As set forth in the Court's opinion and order, Plaintiff's allegations are sufficient to set forth First Amendment retaliation claims and Eighth Amendment failure to protect claims against Defendants John Does #1 and #2. However, the Court is unable to order service on those Defendants because Plaintiff has not provided sufficient information to identify them. While the United States Marshal Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshal Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . *once reasonable steps have been taken to identify for the court the defendants named in the complaint.*") (emphasis added).